UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILL J. BELTON | CIVIL ACTION |
| VERSUS | NO. 24-722-JWD-RLB |
| REGIONS BANK NA, ET AL. | |

**ORDER**

Before the Court are Plaintiff's Motion for Status Conference and Stay of State Court Proceedings (R. Doc. 18), Plaintiff's Motion for Protective Order against Defendant Ralph Brockman (R. Doc. 21), Plaintiff's Motion to Consolidate and Address Fraudulent Conduct in Venue Change (R. Doc. 22), Plaintiff's Motion to Consolidate Court Matters into Federal Court Proceedings (R. Doc. 23), and Plaintiff's Supplemental Motion and Opposition to Fannie Mae's Motion to Consolidate (R. Doc. 24).

Regions Bank NA, and RB Affordable Housing Inc. filed a Response to Plaintiff's Motion to Consolidate Court Matters into Federal Court Proceedings (R. Doc. 25).

**I.    Background**

    **A.    Belton's Original Action, Civil Action No. 24-722-JWD-RLB (the instant case)**

On August 30, 2024, Will J. Belton ("Belton" or "Plaintiff") filed this action, proceeding *pro se*, naming as defendants Regions Bank NA, RB Affordable Housing, Inc., Ralph Brockman, Sunquest Properties Inc., and William Brockman. (R. Doc. 1). Belton alleges that from 2003 through 2004, the defendants "engaged in a pattern of discrimination and collusion to disenfranchise African American businesses, devalue their property, and obstruct their financial opportunities." (R. Doc. 1 at 14).

The Complaint is difficult to follow. Belton appears to assert an interest in the assets of the following limited partnerships: Melrose Urban Limited Partnership I; Melrose Urban Limited

Partnership II; St. Landry Crossing Limited Partnership I; Peppermill Limited Partnership I; Peppermill Limited Partnership II; Renoir Acres Limited Partnership I; Renoir Acres Limited Partnership II; Monet Acres Limited Partnership I; Monet Acres Limited Partnership II; Hideaway Crossing Limited Partnership I; Hideaway Crossing Partnership II, and Pecan Acres Limited Partnership I (collectively, the "Partnerships"). (R. Doc. 1 at 7). Belton alleges that through "a sophisticated scheme of collusion, fraud, lies and misinformation," AAmagin Property Group, LLC ("AAmagin") was improperly removed as a partner from the Partnerships. (R. Doc. 1 at 8). It appears that Belton is attempting to seek recovery on certain claims on behalf of AAmagin and Metro City Redevelopment Coalition, Inc. ("Metro"), which are defendants in some of the removed actions discussed below.

Belton does not allege that he was an individual partner to the Partnerships. Instead, Belton represents that he is the former manager of AAmagin, of which WJ Belton Company LLC is a majority owner (51%) and Sunquest Property, Inc. (which is allegedly managed by Ralph Brockman) is the minority owner (49%). (R. Doc. 1 at 16). Belton alleges that the defendants (1) breached their fiduciary duty to the Partnerships and obstructed good faith negotiations for the sale of interests to Belton; (2) retaliated against Belton for whistleblower activities making them liable under 12 U.S.C. § 4806 (3) engaged in systematic racism making them liable under the Equal Protection Clause of the Fourteenth Amendment and the Fair Housing Act, 42 U.S.C. § 3601 *et seq*; (4) engaged in a pattern of racketeering activities making them liable under 18 U.S.C. §1962; (5) violated banking regulations in violation of the Community Reinvestment Act, 12 U.S.C. § 2901 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*; and (6) violated various criminal statutes for bank fraud, wire fraud, conspiracy, and RICO violations. (R. Doc. 1 at 21-22).

Belton is now represented by counsel this action. (R. Docs. 26, 27). Belton has clarified that he is proceeding on an individual basis and that WJ Belton Company LLC is not a co-plaintiff. (R. Doc. 4; *see* R. Doc. 29).

The named defendants have filed Motions to Dismiss Under Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (R. Docs. 16, 17). These motions remain pending.

**B.    Belton's Removed Actions, Civil Action Nos. 25-86-BAJ-RLB, 25-142-BAJ-RLB, and 25-143-RLB**

After filing his original action, and while still proceeding without counsel, Belton removed various State court actions to this district pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Belton improperly captions each Notice of Removal as *Will J. Belton, Individually and Pro se, Plaintiff v. Regions Bank NA, RB Affordable Housing Inc., et al.*, *Defendants*. Belton failed to file, with each set of removed actions, "a copy of all process, pleadings, and orders" served upon him prior to removal, as required by 28 U.S.C. § 1446(a).

In each set of removed actions, Belton neither paid the applicable filing fee nor filed a motion to proceed *in forma pauperis*.

On January 24, 2025, in Civil Action No. 25-86-BAJ-RLB, Belton purported to remove the following ten (10) State court actions:

- *Red Stone Equity Manager LLC, et al. v. AAmagin Property Group, LLC, et al.*, No. 628-46, 19th JDC.

- *Melrose Urban Limited Partnership II, et al. v. AAmagin Property Group, LLC, et al.*, No. C614200, 19th JDC.

- *Monet Acres Limited Partnership II, et al. v. AAmagin Property Group LLC, et al.*, Nos. C748640, 756913, 19th JDC.

- *BCC Inv., et al. v. Urban Partners LLC, et al.*, No. C697869, 19th JDC.

- *Hideaway Crossing Limited Partnership I & II v. Regions Bank NA and RB Affordable Housing LLC*, No. 245,179, 9th JDC.

- *St. Landry Crossing Limited Partnership I v. Regions Bank NA and RB Affordable Housing LLC*, No. C123753, Sect. D, 27th JDC.

- *Federal National Mortgage Association (Fannie Mae) v. Pecan Acres Limited Partnership I*, No. C-2024-4907, 14th JDC.

- *Federal National Mortgage Association (Fannie Mae) v. Peppermill Limited Partnership I*, No. C-2024-4908, 14th JDC.

- *Melrose Urban Limited Partnership II, et al. v. AAmagin Property Group, LLC and Metro City Redevelopment Coalition, Inc.*, No. 614-200, Section 23, 19th JDC.

- *In re AAmagin Property Group LLC*, No. C-700029, Div. 25, 19th JDC.

On February 11, 2025, in Civil Action No. 25-143-RLB, Belton purported to remove the following two (2) State court actions:

- *Federal National Mortgage Association (Fannie Mae) v. Pecan Acres Limited Partnership I*, No. C-2024-4907, 14th JDC.[1]

- *Federal National Mortgage Association (Fannie Mae) v. Peppermill Limited Partnership I*, No. C-2024-4908, 14th JDC.[2]

On February 12, 2025, in Civil Action No. 25-142-BAJ-RLB, Belton purported to remove the following State court action:

- *Melrose Urban Limited Partnership II v. AAmagin Property Group, LLC and Metro City Redevelopment Coalition, Inc.*, No. 614-200, Section 23, 19th JDC.[3]

In addressing whether any of these removals is proper, the Court has considered the briefing submitted by the parties in each of the actions listed above. The undersigned has remanded the removed action in Civil Action No. 25-143-RLB, and has recommended, to the respective district judges, the remand of the removed actions in Civil Action No. 25-86-BAJ-RLB and Civil Action No. 25-142-BAJ-RLB.

---

[1] This State court action was also listed in the Notice of Removal in Civil Action No. 25-86-BAJ-RLB.
[2] This State court action was also listed in the Notice of Removal in Civil Action No. 25-86-BAJ-RLB.
[3] This State court action was also listed in the Notice of Removal in Civil Action No. 25-86-BAJ-RLB.

4

**II.     Law and Analysis**

    **A.     Plaintiff's Motion for Status Conference and Stay of State Court Proceedings (R. Doc. 18)**

This motion seeks a status conference to discuss all pending motions and procedural issues, to establish a case management order, and to discuss Plaintiff's request for a stay of various State court proceedings. (*See* R. Doc. 18-1).

On March 6, 2025, the undersigned held a status conference with all counsel in this action, including Plaintiff's counsel. (R. Doc. 33). Counsel for the parties discussed the status of the case. The Court informed the parties that no formal discovery shall commence at this time, and a scheduling conference will be set, if necessary, upon resolution of the pending motions to dismiss. Accordingly, Plaintiff's request for a status conference will be denied as moot. The Court will issue an appropriate order should the pending motions to dismiss be denied.

The Court will also deny the substantive relief sought – a stay of various State court proceedings.[4] The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Anti-Injunction Act, however, limits this authority by providing that "[a] Court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti–Injunction Act "represents Congress' considered judgment as to how to balance the tensions inherent in" "a dual system of federal and state courts." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Given that

---

[4] To the extent the underlying State court proceedings have been removed to Federal court, and notice has been provided to the adverse parties and the clerk of the State "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). *See Fulford v. Transp. Servs. Co.*, 412 F.3d 609, 612 (5th Cir. 2005) ("Section 1446(d) has long been recognized as one of the statutory exceptions to § 2283 [the Anti–Injunction Act]."). Accordingly, the Court interprets Plaintiff's motion as seeking a stay of State court actions that have not been removed to Federal court.

the Anti–Injunction Act's "core message is one of respect for state courts," the three exceptions are interpreted narrowly when a federal court considers enjoining a state-court proceeding. *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). "[A]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *La. Health Serv. & Indem. Co. v. Ctr. for Restorative Breast Surgery, LLC*, No. 17-4171, 2017 WL 2256765, at *2 (E.D. La. May 23, 2017)(citations omitted).

Here, Plaintiff has not (1) identified a specific Act of Congress authorizing an injunction of the State court proceedings, (2) identified any necessity in enjoining the State court proceedings to aid in the Court's jurisdiction, or (3) identified any grounds that an injunction would protect or effectuate any judgments of this court. *See* 28 U.S.C. § 2283. Given the record, Plaintiff has not established that any stay of the State court proceedings should be issued.

For the foregoing reasons, the Court will deny Plaintiff's Motion for Status Conference and Stay of State Court Proceedings. (R. Doc. 18).

### B. Plaintiff's Motion for Protective Order Against Defendant Ralph Brockman (R. Doc. 21)

Plaintiff seeks the issuance of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with respect to the Defendant Ralph Brockman. (R. Doc. 21). Plaintiff asserts that Defendant Brockman sent him an email communication stating, "Prepare for the unexpected," and otherwise has engaged in a pattern of discrimination, retaliatory, and bad-faith behavior over the course of 12 years of State court litigation.

"A party or any person **from whom discovery is sought** may move for a protective order in the court where the action is pending," after a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). Rule 26(c)'s "good cause" requirement indicates that the party

6

seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

At the March 6, 2025 conference, the Court discussed the instant motion, advising the parties "that, absent consent, all represented parties should not have contact with one another, except through counsel of record. Counsel were instructed to advise their clients accordingly." (R. Doc. 33). The email referenced in this motion appears to be in response to an email sent by Plaintiff, while proceeding without counsel, directly to the defendant Ralph Brockman. (R. Doc. 21-2). All parties are now represented by counsel and shall communicate with the opposing party in this action only through counsel.

At any rate, Mr. Brockman's communications is not discovery and, therefore, does not pertain to any obtainable relief pursuant to Rule 26(c).

    **C.**    **Plaintiff's Motion to Consolidate and Address Fraudulent Conduct in Venue Change (R. Doc. 22) and Plaintiff's Motion to Consolidate State Court Matters into Federal Court Proceeding (R. Doc. 23)**

Through these motions, Plaintiff collectively seeks to "consolidate" the following State Court actions into this proceeding pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:

- *In re AAmagin Property Group LLC*, No. C-700029, Div. 25, 19th JDC.

- *Monet Acres Limited Partnership II, et al. v. AAmagin Property Group LLC, et al.*, Nos. C748640, 756913, 19th JDC.

- *Melrose Urban Limited Partnership II, et al. v. AAmagin Property Group, LLC, et al.*, No. C614200, 19th JDC.

- *Federal National Mortgage Association (Fannie Mae) v. Pecan Acres Limited Partnership I*, No. C-2024-4907, 14th JDC.

- *Federal National Mortgage Association (Fannie Mae) v. Peppermill Limited Partnership I*, No. C-2024-4908, 14th JDC.

Plaintiff filed the instant Motion to Consolidate on January 7, 2025. (R. Doc. 22). Accordingly, at the time the motion was filed, these State court proceedings were not pending in federal court.

On January 24, 2025, Plaintiff filed a Notice of Removal in Civil Action No. 25-86-BAJ-RLB, which lists the foregoing State Court actions as removed actions.

As stated above, the undersigned has recommended that the district judge grant the pending motions to remand and remand the removed State court actions. Accordingly, the Court will deny the instant Motion to Consolidate without prejudice to refile by counsel if the district judge denies the pending motions to remand. To the extent Plaintiff seeks any relief pursuant to the All Writs Act through these motions, including a stay of any State court proceedings, that relief is denied for the same reasons stated above.

### D. Plaintiff's Supplemental Motion and Opposition to Fannie Mae's Motion to Consolidate (R. Doc. 24)

In this motion, which was filed on January 30, 2025, Plaintiff appears to seek a ruling denying Fannie Mae's Motion to Consolidate certain actions filed in State court, and a corresponding removal of this actions to federal court. (R. Doc. 24). Plaintiff attaches Fannie Mae's motion filed in State court on January 28, 2025, which seeks consolidation of these two actions:

- *Federal National Mortgage Association (Fannie Mae) v. Pecan Acres Limited Partnership I, No. C-2024-4907, 14th JDC.*

- *Federal National Mortgage Association (Fannie Mae) v. Peppermill Limited Partnership I, No. C-2024-4908, 14th JDC.*

It is unclear whether these actions were consolidated prior to removal. As stated above, these State court actions were listed as a removed action in the Notice of Removal in Civil

8

Action No. 25-86-BAJ-RLB and Civil Action No. 25-143-RLB, in which various moving parties have sought remand of the action. Accordingly, the Court will deny the instant motion without prejudice to refile if the applicable State court actions are not remanded to State court.

### III.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Status Conference and Stay of State Court Proceedings (R. Doc. 18), Plaintiff's Motion for Protective Order against Defendant Ralph Brockman (R. Doc. 21), Plaintiff's Motion to Consolidate and Address Fraudulent Conduct in Venue Change (R. Doc. 22), Plaintiff's Motion to Consolidate Court Matters into Federal Court Proceedings (R. Doc. 23), and Plaintiff's Supplemental Motion and Opposition to Fannie Mae's Motion to Consolidate (R. Doc. 24), which were all filed prior to the enrollment of counsel, are **DENIED** as provided in the body of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall review the applicable facts and law, as required by Rule 11 of the Federal Rules of Civil Procedure, prior to filing any renewed versions of the motions that are the subject of this Order. Plaintiff is reminded that the Clerk's Office will not accept any filings by Plaintiff unless made by counsel of record. Any such renewed motions may be filed after the resolution the pending Motions to Dismiss. (R. Docs. 16, 17).

**IT IS FURTHER ORDERED,** as previous stated (R. Doc. 33), that all discovery in this action is **STAYED** pending resolution of the pending Motions to Dismiss. (R. Docs. 16, 17).

Signed in Baton Rouge, Louisiana, on March 19, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**