# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILL J. BELTON**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 24-722-JWD-RLB**

**REGIONS BANK NA, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 7, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILL J. BELTON**                                    **CIVIL ACTION**

**VERSUS**                                    **NO. 24-722-JWD-RLB**

**REGIONS BANK NA, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are a Motion to Dismiss under Rule 12(b)(5) and 12(b)(6) filed by Regions Bank NA and RB Affordable Housing Inc. (R. Doc. 16) and a Motion to Dismiss under Rule 12(b)(5) and 12(b)(6) filed by Sunquest Properties, Inc., Ralph Brockman, and William Brockman (R. Doc. 17). The motions are opposed. (R. Docs. 19, 20).

Also before the Court are various filings submitted by Plaintiff, while proceeding *pro se*, after the filing of the foregoing Motions to Dismiss: Plaintiff's Amended and Restated Petition, Motion to Intervene, Motion for Reconsideration, and Reconventional Demand and Crossclaim (R. Doc. 43); Plaintiff's Motion to Withdraw Bankruptcy Case and to Consolidate into Federal Court Civil Action (R. Doc. 46); Plaintiff's Judicial Notice of Related Actions in Western District Bankruptcy Court and Motion to Compel and Enforce (R. Doc. 47); Plaintiff's Judicial Notice of Federal Court Orders in Exhibit "C" of Plaintiff's Petition and Request to Incorporate Ruling into Pending Review of Motions and Relief from Procedural Errors, Mischaracterizations, and Request for Correction of Record (R. Doc. 48); and Plaintiff's Supplemental Judicial Notice (Relating to Pending Motion to Withdraw and Consolidate Bankruptcy Proceedings) (R. Doc. 49). These motions have no bearing on the merits of the previously filed Rule 12(b)(5) and 12(b)(6) motions to dismiss.

1

I.      **Background**

On August 30, 2024, Will J. Belton ("Plaintiff") commenced this action, proceeding *pro se*,[1] naming as defendants Regions Bank NA ("Region"), RB Affordable Housing, Inc. ("RBAH"), Sunquest Properties Inc. ("Sunquest"), Ralph Brockman, and William Brockman (collectively, "Defendants"). (R. Doc. 1). Plaintiff alleges that from 2003 through 2024, the defendants "engaged in a pattern of discrimination and collusion to disenfranchise African American businesses, devalue their property, and obstruct their financial opportunities." (R. Doc. 1 at 14).

Plaintiff asserts that there is federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff has alleged claims under both federal law and state law.

The Complaint is difficult to follow. Plaintiff appears to assert an interest in the assets of the following partnerships in commendam (*i.e.*, limited partnerships): Melrose Urban Limited Partnership I; Melrose Urban Limited Partnership II; St. Landry Crossing Limited Partnership I; Peppermill Limited Partnership I; Peppermill Limited Partnership II; Renoir Acres Limited Partnership I; Renoir Acres Limited Partnership II; Monet Acres Limited Partnership I; Monet Acres Limited Partnership II; Hideaway Crossing Limited Partnership I; Hideaway Crossing Partnership II, and Pecan Acres Limited Partnership I (collectively, the "Partnerships"). (R. Doc. 1 at 7). Plaintiff alleges that through "a sophisticated scheme of collusion, fraud, lies and misinformation," AAmagin Property Group, LLC ("AAmagin") was improperly removed as a partner from the Partnerships. (R. Doc. 1 at 8). In particular, the Complaint focuses on the

---

[1] Plaintiff was briefly represented by counsel in this action between February 24, 2025 and March 27, 2025. (*See* R. Docs. 26, 27, 38, 41). Plaintiff is currently proceeding without counsel. Plaintiff has also clarified that he is proceeding on an individual basis and that W.J. Belton Company LLC is not a co-plaintiff. (R. Doc. 4; *see* R. Doc. 29).

removal of AAmagin as a partner from Melrose II in 2012 and the resulting lawsuit discussed below. (R. Doc. 1 at 8, 16, 19-20).

Plaintiff does not allege that he was an individual partner to the Partnerships. Instead, Plaintiff represents that he is the former manager of AAmagin, of which W.J. Belton Company LLC is a majority owner (51%) and Sunquest (which is allegedly managed by Ralph Brockman) is the minority owner (49%). (R. Doc. 1 at 16). Plaintiff alleges that the defendants (1) breached their fiduciary duty to the Partnerships and obstructed good faith negotiations for the sale of interests to Plaintiff; (2) retaliated against Plaintiff for whistleblower activities making them liable under 12 U.S.C. § 4806; (3) engaged in systematic racism making them liable under the Equal Protection Clause of the Fourteenth Amendment and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; (4) engaged in a pattern of racketeering activities making them liable for Racketeering Influenced and Corrupt Organizations Act ("RICO") violations under 18 U.S.C. §1962; (5) violated banking regulations in violation of the Community Reinvestment Act, 12 U.S.C. § 2901 *et seq.*, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*; and (6) violated criminal statutes for bank fraud, wire fraud, conspiracy, which also serve as predicate acts for the allege RICO violations. (R. Doc. 1 at 21-22).

After filing this action, and while still proceeding without counsel, Plaintiff removed various State court actions to this district:

- *Red Stone Equity Manager LLC*, *et al. v. AAmagin Property Group, LLC, et al.*, No. 628-46, 19th JDC.

- *Melrose Urban Limited Partnership II, et al. v. AAmagin Property Group, LLC, et al.*, No. C614200, 19th JDC.

- *Monet Acres Limited Partnership II, et al. v. AAmagin Property Group LLC, et al.*, Nos. C748640, 756913, 19th JDC.

- *BCC Inv., et al. v. Urban Partners LLC, et al.*, No. C697869, 19th JDC.

3

- *Hideaway Crossing Limited Partnership I & II v. Regions Bank NA and RB Affordable Housing LLC*, No. 245,179, 9th JDC.

- *St. Landry Crossing Limited Partnership I v. Regions Bank NA and RB Affordable Housing LLC*, No. C123753, Sect. D, 27th JDC.

- *Federal National Mortgage Association (Fannie Mae) v. Pecan Acres Limited Partnership I*, No. C-2024-4907, 14th JDC.

- *Federal National Mortgage Association (Fannie Mae) v. Peppermill Limited Partnership I*, No. C-2024-4908, 14th JDC.

- *In re AAmagin Property Group LLC*, No. C-700029, Div. 25, 19th JDC.

These actions have all been remanded to the respective State courts. *See Belton v. Regions Bank NA, et al.*, Civil Action No. 25-86-BAJ-RLB, *Belton v. Regions Bank NA*, *et al.*, Civil Action No. 25-142-BAJ-RLB, *Belton v. Regions Bank NA*, *et al.*, Civil Action No. 25-143-RLB.

Plaintiff was not a party to any of the foregoing removed actions. As discussed above, one of these removed actions is central to Plaintiff's claims. On or about July 30, 2012, Melrose II, Regions, and RBAH filed a Verified Petition for Declaratory Judgment and Writ of Sequestration, naming as defendants AAmagin and Metro City Redevelopment Coalition, Inc. ("Metro"). *See Melrose Urban Limited Partnership II, Et al. v. AAmagin Property Group, LLC, et al.*, No. 614200 (19th Judicial District Court, East Baton Rouge Parish, Louisiana) (R. Doc. 16-3) (the "State Court Action"). Melrose II, Regions, and RBHA sought a declaratory judgment that the removal of AAmagin and Metro from Melrose II was proper, and to recover $11,241.00 that AAmagin and Metro improperly took from Melrose II's accounts. AAmagin and Metro filed counterclaims against Melrose II, Regions, and RBHA for mismanagement of assets, breach of fiduciary duty, and racial discrimination, as well as third party demands against Sunquest, William Brockman, Ralph Brockman, and Brockman Builders. (*See* R. Doc. 16-6).

4

Plaintiff's claims in the instant civil action originate from the same alleged conduct, which Plaintiff asserts has continued to this day (despite the removal of AAmagin from Melrose II in 2012). The State Court Action was ultimately dismissed on September 30, 2024. (*See* R. Doc. 16-1 at 4).

In seeking dismissal of the instant action, the defendants argue that Plaintiff's claims must be dismissed pursuant to Rule 12(b)(6) because he lacks standing to raise them, he has not sufficiently alleged facts in support of the claims, the claims are prescribed, and any attempt at amendment is futile. (*See* R. Docs. 16, 17). The defendants also argue that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(5) because he has not properly served any of the named defendants.

Plaintiff's oppositions to the pending motions to dismiss generally raise various legal principles with little explanation. (*See generally* R. Docs. 19, 20). At the heart of Plaintiff's opposition to dismissal, however, is the conclusory assertion that the pending Motions to Dismiss are "a continuation of a 12-year campaign of procedural abuse, deliberate delays, and discriminatory conduct designed to deprive Plaintiff of his property and financial interests." (R. Doc. 19 at 5).

## II.    Law and Analysis

### A.    Standard for *Pro Se* Litigants

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). Furthermore, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999

F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, "a *pro se* litigant is not exempt ... from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson*, 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.* Finally, "a *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Systems*, 2008 WL 2277843, at *3 (citing *Birl*, 660 F.2d at 593).

### B.    The Rule 12(b)(5) Motions

#### 1.    Legal Standards

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). "The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing

evidence.'" *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (quoting *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).

Under Rule 4, a plaintiff is responsible for serving the defendant with a complaint and summons. Fed. R. Civ. P. 4(c)(1).

Rule 4(e)(2) of the Federal Rules of Civil Procedure governs service of process in a federal civil action. Under the federal rules, an individual may be served by personal service, domiciliary service, or by serving an agent "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Rule 4(h)(1) provides the requirements for service of a corporation within a judicial district of the United States:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Service pursuant to Rule 4(e)(1) is made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, "[t]o

properly serve a corporation or business association in the United States, a plaintiff may follow one of two options. The first option is serving the defendant under Louisiana law, which requires personal service on any one of the corporation's agents for service of process. *See* La. Code Civ. Proc. Ann. arts. 1261(A), 1266(A), 1232. The second option is to deliver a copy of the summons and the complaint to an officer, a managing or general agent, or any other authorized agent. Fed. R. Civ. P. 4(h)(1). Service may also be effectuated by requesting a waiver of service. Fed. R. Civ. P. 4(d)(1)." *Factor King, LLC v. Block Builders, LLC, et al.*, No. 14-00587, 2016 WL 723016, at *1 (M.D. La. Feb. 22, 2016).

Rule 4(m) requires a plaintiff to "properly serve defendant with a copy of the summons and complaint within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Even in the absence of good cause, however, the district court has discretion "to order that service be made within a specified time" as an alternative to dismissal. *Id*.; *see Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and internal punctuation omitted). "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.*

Proper service is critical because "[i]t is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Attwell v. LaSalle Nat. Bank,* 607 F.2d 1157, 1159 (5th Cir. 1979). Indeed, "[a] court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant." *Trust Co. of La. v. N.N.P. Inc.,* 104 F.3d 1478, 1486 (5th Cir. 1997) (quoting *Broadcast Music, Inc. v. M.T.S. Enters.,* 811 F.2d 278, 281 (5th Cir. 1987)).

Plaintiff is proceeding in this action without counsel. The rules which govern service of process are applied more leniently to pro se litigants. *Mayeaux v. McKee*, No. 14-72, 2014 WL 7186275, at *2 (M.D. La. Dec. 16, 2014) (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). "Nonetheless, when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may properly be dismissed." *Id.* (citing *Holly v. Metropolitan Transit Authority*, 213 Fed. App'x 343, 343 (5th Cir. 2007); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

### 2.    Improper Service of Process

The Clerk's Office issued summons on September 12, 2024. (R. Doc. 7).

On October 10, 2024, Plaintiff submitted proof of service indicating that he served certain defendants by Federal Express prior to the issuance of summons: (1) Ralph Brockman on September 11, 2024;[2] (2) RBAH on September 10, 2024 (through the Attorney Daniel Plunkett); (3) Regions Bank on September 10, 2024 (through the Attorney Daniel Plunkett); and (4) Sunquest on September 11, 2024 (through the Attorney Brady D. King). (R. Doc. 8).

---

[2] It appears that Plaintiff was actually attempting serve Ralph Brockman as the designated agent for service the non-party Melrose Urban Limited Partner I. (*See* R. Doc. 8 at 2). The proof of service does not provide an address at which service was attempted.

As an initial matter, Plaintiff does not explain why his asserted dates of service pre-date the issuance of summons. To the extent Plaintiff actually attempted service prior to the issuance of summons on September 12, his attempt at service must fail.  But even assuming that Plaintiff actually attempted service through Federal Express after issuance of the summons, Plaintiff's claims are subject to dismissal for failure to serve process for the reasons stated below.

First, Plaintiff has not submitted any proof of service on William Brockman. Accordingly, Plaintiff's claims against William Brockman are subject to dismissal for failure to service process. *See* Fed. R. Civ. P. 12(b)(5).

Second, Plaintiff's attempt at personal service by Federal Express does not meet the requirements of personal service under the federal rules. The Fifth Circuit has specified that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4." *Jones v. Louisiana State Bd. of Priv. Sec. Examiners*, No. 22-258, 2023 WL 7026929, at *3 (M.D. La. Oct. 25, 2023) (quoting *Gilliam v. County of Tarrant*, 4 F. App'x 230 (5th Cir. 2004)). Federal district courts have similarly concluded that shipment of service by Federal Express does not meet the personal service requirement. *Factor King, LLC*, No. 14-587, 2016 WL 723016, at *2 (M.D. La. Feb. 22, 2016) ("Federal Express shipment does not comply with the personal service requirements under Louisiana law or Rule 4(h)(1), which do not permit service by mail."); *see Ilaw v. Dep't of Justice,* 309 F.R.D. 101, 104 (D.D.C. 2015) (explaining that service via Federal Express was service by mail and, thus, insufficient); *Seldon v. Home Loan Servs., Inc.,* No. A. 07-4480, 2009 WL 188015, at *2 (E.D. Pa. Jan. 26, 2009) ("Under Rule 4(h), which outlines the methods of service upon a corporation, delivery by Federal Express does not constitute proper service."); *see also Wesenberg v. New Orleans Airport Motel Associates TRS, LLC,* No. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015) ("Rule 4(h)(1)(B)'s delivery requirement

refers to personal service, not service by mail."); *cf McGee-Hudson v. United States*, No. 16-796, 2017 WL 11708325, at *7 (M.D. La. July 10, 2017) (finding that service on the United States pursuant to Rule 4(i) "requires service of process by registered or certified mail, and service by Federal Express is simply not an acceptable substitute.").

With respect to the individual Ralph Brockman, Plaintiff fails to provide any argument in support of a finding that serving a summons and complaint by Federal Express to an undisclosed address without any proof of receipt constitutes personal service, domiciliary service, or service on an agent in accordance with Rule 4(e)(2). Plaintiff has also not established that service on this individual was proper under Louisiana law. "Louisiana Code of Civil Procedure articles 1231 through 1235 govern state law procedure for serving individuals and call for personal or domiciliary service." *Black v. La. Dep't of Corr.*, No. 16-799, 2017 WL 11710636, at *2 (M.D. La. Nov. 17, 2017). "A defendant is personally served 'when a proper officer tenders the citation or other process to the person to be served.' " *Id.* (quoting La. C.C.P. art. 1232). "Domiciliary service is completed 'when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served or with a person of suitable age and discretion residing in the domiciliary establishment.' " *Id.* (quoting La. C.C.P. art. 1234). Plaintiff has demonstrated neither personal service nor domiciliary service on Ralph Brockman.

With respect to the business entities RBAH, Regions Bank, and Sunquest, service under Louisiana law required service on a designated Louisiana agent. *See* La C.C.P. art 1261; *see also* La R.S. 6:285 ("Service of citation or other legal process on a bank shall be made by personal service on any one of the named registered agents."). In short, Plaintiff has made no showing that the Attorney Daniel Plunkett is the registered agent for service of process for RBAH or Regions Bank, or that the Attorney Brady D. King is the registered agent for service of process on

Sunquest. *See Breen v. Knapp*, No. 22-3962, 2023 WL 3434984, at *2 (E.D. La. May 12, 2023) ("[N]either federal law nor Louisiana law allows for service of process on a party's attorney, unless the attorney has been appointed to receive such service of process.").

Finally, Plaintiff's attempts at service all fail because Plaintiff himself attempted service. Service by a party to an action is improper. Rule 4(c) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Accordingly, a "plaintiff—even one representing himself—cannot serve a summons and complaint." *Davis v. United States Dep't of the Treasury*, No. 18-1041, 2022 WL 1311482, at *3 n.24 (M.D. La. Feb. 28, 2022), *report and recommendation adopted*, 2022 WL 1311474 (M.D. La. Mar. 15, 2022) (citing Fed. R. Civ. P. 4(c)(2)); *see also Thomas v. Sticker*, No. 25-289, 2025 WL 1142417, at *2 n. 21 (E.D. La. Apr. 17, 2025) (citing cases).

For the foregoing reasons, the Court concludes that Plaintiff has failed to establish proof of service on any of the defendants. This subjects Plaintiff's claims to dismissal without prejudice. As discussed below, Plaintiff's claims are also subject to dismissal, with prejudice, for failure to state a claim pursuant to Rule 12(b)(6). Accordingly, the Court need not determine whether it is appropriate to exercise its discretion in allowing untimely service on any of the defendants.

    C.    **The Rule 12(b)(6) Motions**

        1.    **Legal Standards**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for

entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs are generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

Having considered the pleadings and the arguments of the parties, the Court concludes that Plaintiff has failed to state any claims upon which relief can be granted. The Court further concludes that any further amendment would be futile with respect to the claims already alleged in the Complaint.

### 2.    Federal Claims

### i.    Whistleblower Retaliation Claims

Plaintiff's "whistleblower retaliation" claims brought under 12 U.S.C. § 4806 fail as a matter of law. Section 4806 is titled "Regulatory appeals process, ombudsman, and alternative dispute resolution." 12 U.S.C. § 4806. The statute concerns the regulatory appeals process

relevant to federal banking agencies and the National Credit Union Administration Board. It does not expressly provide a cause of action to individuals. The statute does not even directly provide for judicial review. *See Peoples Nat. Bank v. Off. of Comptroller of Currency of U.S.*, 362 F.3d 333, 336 (5th Cir. 2004) (federal courts lack subject matter jurisdiction over claim of violation of 12 U.S.C. § 4806 in the absence of a "final" agency action). Furthermore, Plaintiff fails to raise any arguments in opposition to dismissal of these claims.

For the foregoing reasons, Plaintiff's "whistleblower retaliation" claims are subject to dismissal with prejudice.

### ii.    Systematic Racism Claims

Plaintiff seeks recovery for "systematic racism" pursuant to the Fair Housing Act ("FHA"), 42 § U.S.C. 3601 and Equal Protection Clause of the Fourteenth Amendment. These claims fail as a matter of law.

"The FHA prohibits discrimination in the rental or sale of a 'dwelling' on the basis of race, color, religion, national origin, handicap and familial status." *Louisiana Acorn Fair Hous. v. Quarter House*, 952 F. Supp. 352, 358 (E.D. La. 1997) (42 U.S.C. § 3601 *et seq.*)). "In order for plaintiffs to state a claim for relief under the FHA, they must first establish that discrimination occurred in a property that is a 'dwelling' within the meaning of the FHA." *Id*. A "dwelling" for the purposes of the FHA is defined as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b).

Here, Plaintiff has alleged a commercial dispute involving the removal of AAmagin as a general partner from the Partnerships in 2012. While Plaintiff appears to generally allege that the

14

removal of AAmagin was racially motivated, he nevertheless fails to allege any specific racial discrimination pertaining to a "dwelling" as defined under the FHA. Accordingly, Plaintiff fails to state a valid cause of action for systematic racism pursuant to the FHA.

Furthermore, Plaintiff's FHA claims are time barred. "Claims under FHA must be brought not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last." *Curley v. JP Morgan Chase Bank, N.A.*, No. 14-2633, 2014 WL 7186989, at *2 (W.D. La. Dec. 16, 2014) (citing 42 U.S.C. § 3613(a)(1)(A)).

Plaintiff also alleges that the defendants' actions violate the Equal Protection Clause of the Fourteenth Amendment. (R. Doc. 1 at 22). "It is well established . . . that the Fourteenth Amendment's Equal Protection Clause applies *only* to state actors and not to private actors." *Wells v. Burger King No. 502*, No. 11-2043, 2013 WL 1403108, at *3 (E.D. La. Jan. 23, 2013), *report and recommendation adopted*, 2013 WL 1397400 (E.D. La. Apr. 5, 2013) (citing *Fitzgerald v. Barnstable School Commission,* 555 U.S. 246, 257 (2009) ("The Equal Protection Clause reaches only state actors. . . .")). Plaintiff does not allege that any of the defendants are state actors. Accordingly, Plaintiff fails to state a valid cause of action for systematic racism pursuant to the Equal Protection Clause of the Fourteenth Amendment.

For the foregoing reasons, Plaintiff's "systemic racism" claims are subject to dismissal with prejudice.

### iii.    RICO Claims

Plaintiff alleges that the defendants "engaged in a pattern of racketing activity" in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. (R. Doc. 1 at 22). To recover under RICO, the plaintiff must establish three

elements: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996)).

As stated above, RICO claims require the existence of an enterprise. An "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Here, Plaintiff has failed to plead the existence of any enterprise.

Furthermore, Plaintiff fails to allege any non-conclusory predicate criminal acts of "racketeering activity" sufficient to state a claim. "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000). In support of his RICO claim, Plaintiff alleges in conclusory nature the following predicate acts: violations of 18 U.S.C. § 1344 (bank fraud); 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 371 (conspiracy to commit offences against the United States).[3] Plaintiff's RICO claims must be dismissed in light of these conclusory allegations and insufficient pleading of supporting facts. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738-39 (5th Cir. 2019) (affirming Rule 12(b)(6) dismissal of RICO claims because plaintiffs made only conclusory allegations and failed to plead sufficient supporting facts).

---

[3] To the extent Plaintiff is seeking to recover directly under these federal criminal statutes, these claims must be dismissed because Plaintiff, a private citizen, lacks standing to prosecute violations of federal criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

The predicate acts of bank fraud and wire fraud require compliance with the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see Scheffy v. Lyons*, No. 23-565, 2024 WL 838473, at *5 (E.D. La. Feb. 28, 2024) ("The Rule 9(b) pleading standard, requiring particularity of the circumstances constituting the fraud, applies to the predicate acts in a RICO claim."). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Brown v. Coleman Investments, Inc.*, 993 F. Supp. 416, 427 (M.D. La. 1998) (internal quotations omitted). "In other words, articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.*

Plaintiff has failed to allege any wire fraud violations in compliance with Rule 9(b). Wire fraud requires proof "(1) of a scheme to defraud; (2) that the scheme employed false or fraudulent material representation; and (3) that the scheme utilized an interstate wire communication." "A 'material' statement has a natural tendency to influence, or is capable of influencing, the decision-making body to which it was addressed." *United States v. Valencia*, 600 F.3d 389, 426 (5th Cir. 2010). The plaintiff raising a RICO claim predicated on wire fraud must specifically allege that each RICO defendant individually violated the mail or wire fraud statutes. *Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc*., 912 F. Supp. 2d 404, 420 (E.D. La. 2012), *aff'd*, 567 Fed. Appx. 945 (Fed. Cir. 2014). Wire fraud also requires "evidence of intent to defraud, i.e., evidence of a scheme to defraud by false or fraudulent pretenses." *Id*. In asserting

17

that wire fraud is a predicate criminal act, Plaintiff merely raises the conclusory allegation that "Defendants used electric communication in their fraudulent activities." (R. Doc. 1 at 22). Plaintiff does not raise any specific allegations regarding any specific interstate wire communications by any specific defendants with respect to any specific fraudulent activities.

Similarly, Plaintiff has failed to allege any bank fraud violations in compliance with Rule 9(b). The elements of a bank fraud claim are that the defendant "knowingly executed or attempted to execute a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations or promises." *United States v. Dadi*, 235 F.3d 945, 950 (5th Cir. 2000). At most, Plaintiff raises the conclusory allegations that "Defendants engaged in schemes to defraud a financial institution." (R. Doc. 1 at 22). Plaintiff makes no attempt to identify the specific financial institution that was allegedly defrauded, much less provide any information regarding the particulars of time, place, and contents of the false representations. Regardless, Plaintiff is not a financial institution and "courts have consistently found that only financial institutions may claim bank fraud under 18 U.S.C. § 1344 as a predicate act for RICO purposes." *See Vanderbilt Mortg. and Fin., Inc. v. Flores*, 735 F. Supp. 2d 679, 696 (S.D. Tex. 2010) (citing *Starfish Inv. Corp. v. Hansen*, 370 F.Supp.2d 759, 773 (N.D. Ill. 2005) ("[O]nly financial institutions have standing to allege violations of the financial institution fraud statute, 18 U.S.C. § 1344, as predicate acts for RICO purposes."); *Bivens v. Roberts*, 2009 WL 891859, at *7 n. 8 (S.D. Ga. Mar. 31, 2009); *Best Deals on TV, Inc. v. Naveed*, 2007 WL 2825652, at *10 (N.D. Cal. Sept. 26, 2007)). For these reasons, Plaintiff's RICO claims based on bank fraud as the predicate act fail.

Plaintiff's reliance on the general federal criminal conspiracy statute, 18 U.S.C. § 371, also fails. That statute provides that it is a crime for "two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose. . . ." 18 U.S.C. § 371. Plaintiff does not allege any specific conspiracies in which the defendants attempted to commit any offense or to defraud the United States or its agencies. (*See* R. Doc. 1 at 22).

Finally, Plaintiff's RICO claims are barred by the 4-year statute of limitations period. *See Agency Holding Corp. v. Malley-Duff & Associates, Inc.,* 483 U.S. 143, 149-56 (1987) (all civil actions under RICO are governed by the four-year limitations period in the Clayton Act, 15 U.S.C. Sec. 15b.).

For the foregoing reasons, Plaintiff's RICO claims (and any independent claims under criminal statutes) are subject to dismissal with prejudice.

### iv.    CRA and ECOA Claims

Plaintiff's vague claims for violations of the Community Reinvestment Act ("CRA"), 12 U.S.C. § 2901 *et seq.*, and the Equal Credit Opportunity Act. ("ECOA"), 15 U.S.C. § 1691 *et seq.*, fail as a matter of law.

The CRA does not provide for private rights of action. *Saragusa v. Countrywide*, No. 14-2717, 2016 WL 1059004, at *3 (E.D. La. Mar. 17, 2016), *aff'd sub nom. Saragusa v. Countrywide Home Loans, Inc.*, 707 F. App'x 797 (5th Cir. 2017) (citing *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992) ("The Community Reinvestment Act makes no provision for a civil private cause of action . . . . "); *see also Lee v. Bd. of Governors of the Fed. Rsrv. Sys.*, 118 F.3d 905, 913 (2d Cir. 1997) ("As petitioners concede, the CRA does not create a private right of action to enforce any of its terms. Moreover, any attempt to glean substance from

the CRA is met with the reality that the statute sets no standards for the evaluation of a bank's contribution to the needs of its community.").

The ECOA prohibits a creditor from discriminating against an applicant "on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). Unlike the CRA, the ECOA provides for a private right of action. *See Simmons v. Expo Enters., Inc.*, No. 12-432, 2014 WL 3565624, at *3 (M.D. La. July 18, 2014) (citing 15 U.S.C. § 1691e(a)) ("Any creditor who fails to comply with any requirement imposed . . . shall be liable to the aggrieved applicant for any actual damages sustained by such applicant.")). To state a claim under the ECOA, however, a plaintiff "must plausibly allege that (1) each plaintiff was an 'applicant'; (2) the defendant was a 'creditor'; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705 (5th Cir. 2017) (citation omitted).

Here, Plaintiff does not even attempt to allege any elements of an ECOA claim, including that he was an applicant (within the meaning of the ECOA), any of the defendants were creditors (within the meaning of the ECOA), or that he was discriminated against in a credit transaction. And even if he raised such allegations, any such claim would be barred by the 5-year statute of limitations period. *See Gipson v. Deutsche Bank Nat. Tr. Co.*, No. 13-4820-, 2015 WL 2069583, at *23 (N.D. Tex. May 4, 2015) ("The ECOA has a five-year statute of limitations.") (citing 12 C.F.R. § 1006.16(b)(2)).

For the foregoing reasons, Plaintiff's CRA and ECOA claims are subject to dismissal with prejudice.

###### 3.        State Law Claims

Plaintiff has not set forth any basis for the exercise of subject matter jurisdiction other than federal question jurisdiction pursuant to 28 U.S.C. 1331. An exercise of diversity jurisdiction would be improper given the apparent presence of non-diverse defendants. *See* 28 U.S.C. 1332. Accordingly, before addressing any state law claims on the merits, the Court must determine whether to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state court claims for breach of fiduciary duties and/or breach of contract.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction, however, where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) (citation omitted).

"Generally, a federal court should decline to exercise jurisdiction over supplemental state law claims when all federal claims are disposed of prior to trial." *Williams v. Louisiana State Bd. of Elementary & Secondary Educ.(BESE)*, No. 09-914, 2010 WL 565390, at *2 (M.D. La. Feb. 17, 2010) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "A federal court should consider and weigh in each case and at every stage of the litigation the principles of judicial economy, convenience, fairness and comity in order to decide whether to exercise supplemental jurisdiction." *Williams*, 2010 WL 565390, at *2 (citing *Carnegie–Mellon*, 484 U.S.

21

at 350). "Furthermore, in deciding whether to decline to exercise jurisdiction over the state law claims, the court considers a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Williams*, 2010 WL 565390, at *2 (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997)). "When the balance of factors indicates that a case properly belongs in state court, such as when the federal law claims have dropped out of the suit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction." *Williams*, 2010 WL 565390, at *2 (citing *Carnegie-Mellon*, 484 U.S. at 350 n. 7).

Given Plaintiff's failure to state any claims supporting an exercise of federal question jurisdiction, it is proper for the Court to exercise its discretion by declining supplemental jurisdiction over the remaining state law claims. This district has remanded various other related actions involving state law claims to be considered by the appropriate State courts. It is therefore proper to decline an exercise of supplemental jurisdiction and dismiss any state law claims without prejudice.

### 4.    Futility of Amendment

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs are generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

"It is within the district court's discretion to deny a motion to amend if it is futile."
*Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The
"futility" of amendments to a complaint is measured by whether "the amended complaint would
fail to state a claim upon which relief could be granted" under "the same standard of legal
sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

Here, Plaintiff has attempted amendment by submitting at least two filings titled, in part,
"Amended and Restated Petitions." (*See* R. Docs. 43, 45). These filings were not filed as a
matter of course pursuant to Rule 15(a)(1), do not submit any proposed pleadings, and fail to
address any of the deficiencies raised in the instant Motions to Dismiss. Through these filings,
Plaintiff appears to seek relief with respect to the various removed State court actions that have
been remanded.

Given that Plaintiff has presented the Court with no coherent basis for recovery under
federal law, further amendment appears to be futile. It is, therefore, is appropriate to deny
Plaintiff an additional opportunity to amend the pleadings. *See Price v. Irons*, No. 19-11451,
2020 WL 1638376, at *5 (E.D. La. Apr. 2, 2020) ("Plaintiff's allegations here involve
dissatisfaction with the merits of the decisions a state judge made in his capacity as a judge.
Plaintiff's rambling, incoherent, and conclusory allegations raise no plausible federal claims. He
has presented the Court with no basis for issuing a declaration or injunction. Therefore, any
amendment would be futile. The Court thus denies plaintiff leave to amend his complaint.").

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendants' Motions to Dismiss under Rule 12(b)(5) and 12(b)(6) (R. Doc. 16, 17) be **GRANTED**, and Plaintiff's federal claims be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that this Court decline to exercise supplemental jurisdiction over any state law claims and that those claims be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motions (R. Docs. 43, 46, 47 and 48) be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on August 7, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**